J-S13044-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

IN RE: ADOPTION OF: D.I.G., A MINOR  :  IN THE SUPERIOR COURT OF
                                     :       PENNSYLVANIA

APPEAL OF: H.G.                      :  No. 1807 WDA 2014

Appeal from the Order entered September 26, 2014,
in the Court of Common Pleas of Westmoreland County,
Orphans' Court, at No: 045 of 2014

BEFORE:  BENDER, P.J.E., MUNDY, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                     **FILED APRIL 13, 2015**

H.G. ("Mother") appeals from the order in the Court of Common Pleas
of Westmoreland County voluntarily terminating her parental rights to her
natural male child, D.G. ("Child"), born in August of 2009.  We affirm.

The record reveals that, on May 12, 2014, A.Y., and his wife, M.Y.
(collectively, "Adoptive Parents"), filed a report of intent to adopt Child,
wherein they averred that Child had been in their physical custody since
March 28, 2014, with permission of Mother.  In addition, on May 12, 2014,
A.Y. and M.Y. filed a petition to confirm consent and attached thereto
consents to the adoption of Child executed on April 11, 2014, by Mother and
putative father, C.L.B. ("Father").  The orphans' court accurately set forth
the procedural history thereafter as follows:

> The hearing was initially scheduled on June 14, 2014, but was
> later rescheduled to July 23, 2014.  Father was not properly
> served with notice of the rescheduled hearing date.  As a result,
> the Court continued the hearing as to Father until August 20,
> 2014 and proceeded with testimony as to Mother, who was
> present and represented by counsel.

At that hearing, Adoptive Parents both testified that they never received any notice within the thirty day period between the signing of the consent and the filing of the petition that Mother intended to revoke her consent. They also both testified that they intended to adopt the minor child in the event that the birth parents' rights were terminated. Mother did not provide any testimony at the scheduled hearing. There were no issues raised at that time as to fraud or duress placed upon Mother in signing the consent, and no allegations of an incompetency of Mother that led to fraud or duress in signing the consent. Mother's counsel merely indicated on the record that Mother did not wish for the adoption to proceed. Although no revocation of consent was filed or served on Adoptive Parents, the Court in an abundance of caution gave Mother every opportunity to cross-examine the Adoptive Parents and participate in the hearing. In addition, the Court even granted Mother's counsel's request for a ten[-]day period to submit legal authority as to why the Court should not accept Mother's consent and permit the adoption. The record was also left open to address the Petition to Confirm Consent in relation to Father.

On August 20, 2014, Father failed to appear for the scheduled hearing despite proper service. Mother and her counsel did appear along with Adoptive Parents and their counsel. At that time, Mother's counsel submitted a Petition to Withdraw Consent, which was not filed of record but was provided before the hearing to both opposing counsel and the Court. This was the first written notice that Mother intended to revoke her consent to the adoption. Mother based her petition on an argument that she was not mentally competent to consent, and therefore her consent was not intelligent, voluntary, and deliberate. Counsel for Adoptive Parents filed Preliminary Objections to Mother's petition based on the timeliness outlined in 23 Pa.C.S.A. § 2711 for revocation of consent to adoption.[1] After review of the statute and applicable case law, this Court granted the Preliminary Objections based on a strict interpretation of 23 Pa.C.S.A. § 2711.

After application of the statute, the Court entered an Order dated August 20, 2014 accepting the signed consents of both Father and Mother and terminated the parental rights of both.

Due to an error at the Register of Wills Office, the August 20th Order of Court was not properly sent to Mother's counsel. Pa.R.A.P. [ ] 108 states that the day of entry of an order shall be the day the clerk of court mails or delivers copies of the order to the parties. Therefore, the appeal period did not start to run until September 26, 2014. . . .

_____

[1] Mother's counsel failed to provide proper notice of her Petition. She indicated to the Court that the information regarding her client's incompetency came to her attention shortly before the scheduled hearing. As a result, Adoptive Parents' counsel was not able to provide proper notice of the Preliminary Objections raised. Out of an abundance of caution, the Court addressed both documents as they were before the Court.

Trial Court Opinion, 11/5/14, at 1-3 (citations to record omitted).

On October 24, 2014, Mother timely filed a notice of appeal and a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(i) and (b). Father did not file a notice of appeal. The orphans' court filed a Rule 1925(a) opinion on November 5, 2014.

On appeal, Mother presents the following issues for our review:

A. Did the lower Court abuse its discretion by terminating [Mother's] parental rights by not conducting further review of newly acquired evidence of [Mother]'s disability – which prevented her from executing a valid consent – and by allowing this adoption to proceed without further investigation of putative father's consent and issues surrounding the alleged intermediary?

B. Did the lower Court fail to consider the best interests of the child by transferring custody to the prospective adoptive parents without further investigation of putative father's consent – in addition to issues surrounding the alleged intermediary and any other proper investigative reports related to the adoption?

Mother's Brief at 2.

This Court has explained,

> "[T]he interpretation and application of a statute is a question of law that compels plenary review to determine whether the court committed an error of law." **Wilson v. Transport Ins. Co.,** 889 A.2d 563, 570 (Pa. Super. 2005). "As with all questions of law, the appellate standard of review is *de novo* and the appellate scope of review is plenary." **In re Wilson**, 879 A.2d 199, 214 (Pa. Super. 2005) (*en banc*).

**In re Adoption of J.A.S.**, 939 A.2d 403, 405 (Pa. Super. 2007), *appeal denied*, 954 A.2d 577 (Pa. 2008).

At issue in this case is the application of Section 2711 of the Adoption Act, which provides, in relevant part:

> **§ 2711.  Consents necessary to adoption.**
>
> **(a) *General rule.*** -- Except as otherwise provided in this part, consent to an adoption shall be required of the following:
>
> . . .
>
> (3) The parents or surviving parent of an adoptee who has not reached the age of 18 years.
>
> . . .
>
> **(c) *Validity of consent.*** -- No consent shall be valid if it was executed prior to or within 72 hours after the birth of the child. A putative father may execute a consent at any time after receiving notice of the expected or actual birth of the child. Any consent given outside this Commonwealth shall be valid for purposes of this section if it was given in accordance with the laws of the jurisdiction where it was executed. **A consent to an adoption may only be revoked as set forth in this subsection. The revocation of a consent shall be in writing and shall be served upon the agency or adult to whom the child was relinquished.** The following apply:
>
> (1) Except as otherwise provided in paragraph (3):

. . .

(ii) For a consent to an adoption executed by a birth mother, **the consent is irrevocable more than 30 days after the execution of the consent.**

(2) An individual may not waive the revocation period under paragraph (1).

(3) Notwithstanding paragraph (1), the following apply:

(i) An individual who executed a consent to an adoption **may challenge the validity of the consent only by filing a petition alleging fraud or duress** within the earlier of the following time frames:

(A) **Sixty days after** the birth of the child or **the execution of the consent**, whichever occurs later.

. . .

(ii) A consent to an adoption may be invalidated **only if** the alleged fraud or duress under subparagraph (i) is proven by:

(A) a preponderance of the evidence in the case of consent by a person 21 years of age or younger; or

(B) clear and convincing evidence in all other cases.

. . .

23 Pa.C.S.A. § 2711 (internal emphasis added).

In *In re Adoption of J.A.S.*, *supra*, this Court stated:

Significantly, [ ] Section [2711] describes the timeline for revocation of a consent to adoption, as well as a challenge to its validity (and only on the grounds of fraud or duress). This Section further makes clear that a revocation and/or a challenge to the validity of a consent to adoption must be in conformity with the Act.

. . .

> Hence the statute renders a consent to adoption irrevocable more than thirty (30) days after execution. *See* 23 Pa.C.S.A. § 2711(c)(1)(ii).[2]  Additionally, the statute precludes a challenge to the validity of the consent to adoption after sixty (60) days following the birth of the child or the execution of the consent, whichever occurs later, and only upon the grounds of fraud or duress. *See* 23 Pa.C.S.A. § 2711(c)(3)(i)(A).
>
> _____
> [2] Nothing in the statutes presupposes the "validity" of the consent.

*In re Adoption of J.A.S.*, 939 A.2d at 407-408.

In *In re Adoption of J.A.S.*, this Court reversed the order of the orphans' court that overruled the appellant's preliminary objections to the birth mother's petition to revoke her consent to adoption.  In that case, the birth mother's petition was untimely with respect to both her attempt to revoke her consent and her attempt to challenge its validity.  However, the court had concluded the consent was "void *ab initio*, because at first it had omitted [b]irth mother's marital status (and [the] [a]ppellant's name as the adoptive parent, which no one disputed)."  *Id.* at 408.  Thus, we explained the court, in essence, had concluded that a "valid" consent to adoption "was a necessary predicate under the statute before the timeliness provisions for revoking and/or challenging the validity of the consent were triggered."  *Id.*  We disagreed stating that,

> [t]he practical consequence of the court's interpretation effectively permitted [b]irth mother to challenge the validity of her consent to adoption at any time, based upon the existence of

a technical omission in the form of the initial consent. This lack of finality is exactly the mischief the legislature intended to remedy with the revision to Section 2711 of the Adoption Act in 2004, the purpose of which was to afford finality to the adoption process.

*Id.* (footnote omitted).

Turning to Mother's issues in the subject appeal, she acknowledges that the petition to revoke her consent to adoption "was not timely filed and/or timely presented." Mother's Brief at 5. Indeed, Mother filed the petition on August 20, 2014, which was 131 days after she executed her consent to the adoption. Therefore, Mother's petition was untimely with respect to both her attempt to revoke her consent and her attempt to challenge its validity. Nevertheless, Mother argues that the trial court abused its discretion by not considering the validity of her consent on the basis that she lacked the mental capacity to consent to the adoption. Specifically, Mother's counsel states that Mother and her family provided documentary evidence to counsel on August 14, 2014, six days before the hearing on August 20, 2014, that allegedly demonstrated Mother lacked the mental capacity to consent.

In confirming Mother's consent and terminating her parental rights, the orphans' court relied on our decision in *In re Adoption of J.A.S.*, *supra*, in first reviewing the timeliness of Mother's petition to revoke. The court determined that the petition was not timely. Therefore, the court did not reach the merits of Mother's challenge to the validity of her consent. We

conclude that the court properly applied the controlling statutory and case law to the facts of this case. Mother's petition to withdraw her consent, filed 131 days after she executed her consent to adoption, fell well outside of 60 days provided for under Section 2711. Thus, we discern no error of law by the court in confirming Mother's consent and voluntarily terminating her parental rights.

Mother also argues that the court abused its discretion and erred by failing to "question if the requirements of [Section] 2711 have even been met as to putative father." Mother's Brief at 9. Specifically, Mother asserts that, "no DNA analysis has been done" with respect to Father, and, therefore, "serious questions arise if putative father is even the biological father of the minor child." *Id.* at 8. We conclude that Mother's argument is waived because she failed to raise it in the orphans' court. *See MacNutt v. Temple Univ. Hosp.*, 932 A.2d 980, 992 (Pa. Super. 2007) (holding that in order to preserve an issue for appellate review, litigants must make timely and specific objections during trial).

Lastly, Mother asserts that an intermediary facilitated the adoption of Child. Mother argues there "were no reports filed as to investigation of the adoptive parents' home, nor was any other further investigation done, such as criminal background checks, before this child was placed into the adoptive home." Mother's Brief at 9. In response, the orphans' court stated,

> A report of an intermediary is required under 23 Pa.C.S.A.
> § 2533 [(Report of intermediary)] and occurs in relation to a
> report of intention to adopt. It does not occur in relation to a
> confirm consent. Therefore, the existence of an intermediary
> does not apply in the current matter[,] and this Court was not
> required to address it in entering the August 20th Order.

Trial Court Opinion, 11/5/14, at 9. We agree with the court that a report of an intermediary was not relevant to the subject hearing to confirm the consents to adoption executed by Mother and Father. Accordingly, as Mother's issues on appeal are without merit, we affirm the order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/13/2015