**In re ADOPTION OF J.A.S.**

**Appeal of S.J.S.**

Superior Court of Pennsylvania.

Argued Oct. 31, 2007.

Filed Dec. 18, 2007.

Samuel C. Totaro, Jr., Doylestown, for appellant.

Patrick J. O'Connor, Southampton, participating party.

Michael John D'Aniello, Norristown, for appellee.

BEFORE: STEVENS, GANTMAN, JJ., and McEWEN, P.J.E.

OPINION BY GANTMAN, J.:

¶ 1 Appellant, S.J.S., appeals from the order entered in the Bucks County Court of Common Pleas, overruling her preliminary objections to the petition filed by Appellee, R.S. ("Birth mother") to revoke her consent to adoption of J.A.S. ("Child") and challenge its validity. Appellant asks us to determine whether the trial court erred when it reached the validity of the consent issue first, found the "form" of the consent flawed, and refused to address the statutory timeliness requirement. We hold that strict adherence to Section 2711 required the court to review the timeliness of Birth mother's filing before it reached the merits of her challenge to the validity of the consent to adoption. Accordingly, we reverse and remand for further proceedings.

¶ 2 The relevant facts and procedural history of this case are as follows. On September 9, 2005, Birth mother gave birth to Child. Birth mother and Child resided with the maternal grandmother in North Wales, Pennsylvania. Shortly thereafter, Birth mother became depressed and unable to care for Child. In February 2006, Birth mother decided to send Child to live with Appellant, who is Birth mother's aunt. Birth mother and Appellant discussed the possibility of Appellant adopting Child. On March 19, 2006, Birth mother sent Child to live with Appellant. On April 5, 2006, Appellant's

attorney sent Birth mother a letter and consent to adoption form.

¶ 3 Birth mother signed the consent to adoption on April 12, 2006, with her mother and Appellant present. The birth father executed his consent to adoption at a different time. Both witnesses to Birth mother's signature signed the consent on the same night. Birth mother's consent was notarized at a separate time.

¶ 4 On May 26, 2006, Appellant filed a petition to confirm consent, which the court rejected for failure to include Birth mother's marital status in compliance with Section 2711(d) of the Adoption Act. On June 6, 2006, Appellant's attorney sent a letter to Birth mother asking her permission to amend the consent to adoption to include Birth mother's marital status. Birth mother signed the amendment on July 12, 2006.

¶ 5 Birth mother told Appellant on August 9, 2006, that she intended to revoke her consent to adoption. Subsequently, on October 20, 2006, Birth mother filed a petition to revoke the consent and also challenged its validity.

¶ 6 Appellant filed preliminary objections to Birth mother's petition, alleging the statutory time to revoke or challenge consent had expired. Appellant also filed a petition for involuntary termination of Birth mother's parental rights. Birth mother filed preliminary objections to the termination petition. On June 11, 2007, the Orphans' court overruled Appellant's preliminary objections to Birth mother's petition to revoke and/or challenge the validity of the consent to adoption, based solely on the validity of consent. The court certified its order for immediate appeal, which Appellant timely filed on June 21, 2007.

¶ 7 Appellant raises the following issues for review:

WHETHER THE TRIAL COURT ERRED AS A MATTER OF LAW OR ABUSED ITS DISCRETION IN HOLDING THAT THE CONSENT TO ADOPTION SIGNED BY [BIRTH MOTHER] WAS NOT VALID?

WHETHER [BIRTH MOTHER'S] CHALLENGE TO THE CONSENT WAS TIMELY, SINCE THE ADOPTION ACT REQUIRES BIRTHPARENT TO CHALLENGE THE VALIDITY OF A CONSENT WITHIN SIXTY (60) DAYS OF ITS EXECUTION, AND ONLY UPON ALLEGATIONS OF FRAUD OR DURESS?

(Appellant's Brief at 4).

 ¶ 8 "[T]he interpretation and application of a statute is a question of law that compels plenary review to determine whether the court committed an error of law." *Wilson v. Transport Ins. Co.*, 889 A.2d 563, 570 (Pa.Super.2005). "As with all questions of law, the appellate standard of review is *de novo* and the appellate scope of review is plenary." *In re Wilson*, 879 A.2d 199, 214 (Pa.Super.2005) (*en banc*). Further,

[We] are constrained by the rules of statutory interpretation, particularly as found in the Statutory Construction Act. 1 Pa.C.S.A. §§ 1501–1991. The goal in interpreting any statute is to ascertain and effectuate the intention of the General Assembly. Our Supreme Court has stated that the plain language of a statute is in general the best indication of the legislative intent that gave rise to the statute. When the language is clear, explicit, and free from any ambiguity, we discern intent from the language alone, and not from the arguments based on legislative history or "spirit" of the statute. We must construe words and phrases in the statute according to their common and approved usage. We also must construe a statute in such a

way as to give effect to all its provisions, if possible, thereby avoiding the need to label any provision as mere surplusage. *Cimino v. Valley Family Medicine*, 912 A.2d 851, 853 (Pa.Super.2006) (quoting *Weiner v. Fisher*, 871 A.2d 1283, 1285–86 (Pa.Super.2005)). *See also* 1 Pa.C.S.A. § 1921(b). Under Section 1921(c), the court resorts to considerations of "purpose" and "object" of the legislature when the words of a statute are not explicit. *Sternlicht v. Sternlicht*, 583 Pa. 149, 876 A.2d 904, 909 (2005) (referring to consideration of matters such as: (1) occasion and necessity for statute; (2) circumstances under which it was enacted; (3) mischief to be remedied; (4) object to be attained; (5) former law, if any, including other statutes upon same or similar subjects; (6) consequences of particular interpretation; (7) contemporaneous legislative history; (8) legislative and administrative interpretations of such statute). Finally,

> [I]t is presumed that the legislature did not intend an absurd or unreasonable result. In this regard, we ... are permitted to examine the practical consequences of a particular interpretation.

*Commonwealth v. Diakatos*, 708 A.2d 510, 512 (Pa.Super.1998).

¶ 9 Initially, Appellant argues that Birth mother's consent meets all the requirements of Section 2711(d) of the Adoption Act, and is valid. Appellant states Section 2711(c) of the Adoption Act gives a natural parent sixty (60) days from the execution of the consent to contest its validity. Appellant asserts Birth mother executed her consent to adoption on April 12, 2006, and her amended consent on July 12, 2006, but did not contest the validity of the consent in writing until October 20, 2006, more than sixty (60) days from either date. Further, Appellant states Birth mother did not revoke her consent to adoption in writing before her October petition.

¶ 10 In the event this Court reaches the validity issue, Appellant invites us to construe the Adoption Act under the doctrine of substantial compliance. If the Court chooses strict construction of the Act, then the Court should limit the time to challenge the validity of the consent to the sixty-day period after its execution and only on the grounds of fraud or duress. Appellant concludes that the order of the Orphans' court should be reversed, and the case remanded to sustain Appellant's preliminary objections to Birth mother's petition and confirm Birth mother's consent to adoption. We agree.

¶ 11 This case involves the interpretation and application of Section 2711 of the Adoption Act in effect in 2006, which provides in pertinent part as follows:

**§ 2711. Consents necessary to adoption**

**(a) General rule.**—Except as otherwise provided in this part, consent to an adoption shall be required of the following:

\* \* \*

(3) The parents or surviving parent of an adoptee who has not reached the age of 18 years.

\* \* \*

**(c) Validity of consent.**—No consent shall be valid if it was executed prior to or within 72 hours after the birth of the Child. A putative father may execute a consent at any time after receiving notice of the expected or actual birth of the Child. Any consent given outside this Commonwealth shall be valid for purposes of this section if it was given in accordance with the laws of the jurisdiction where it was executed. **A consent to an adoption may only be revoked as set forth in this subsection.** The revocation of a consent **shall be in writing** and shall be served upon the agency or

adult to whom the Child was relinquished. The following apply:

(1) Except as otherwise provided in paragraph (3):

\* \* \*

(ii) For a consent to an adoption executed by a birth mother, **the consent is irrevocable more than 30 days after the execution** of the consent.

(2) An individual may not waive the revocation period under paragraph (1).

(3) Notwithstanding paragraph (1), the following apply:

(i) An individual who executed a consent to an adoption **may challenge the validity of the consent only by filing a petition alleging fraud or duress** within the earlier of the following time frames:

(A) **Sixty days after** the birth of the Child or the **execution** of the consent, whichever occurs later.

\* \* \*

(ii) A consent to an adoption may be invalidated **only if** the alleged fraud or duress under subparagraph (i) is proven by:

(A) a preponderance of the evidence in the case of consent by a person 21 years of age or younger; or

(B) clear and convincing evidence in all other cases.

**(d) Contents of consent.—**

(1) The consent of a parent of an adoptee under 18 years of age shall set forth the name, age and marital status of the parent, the relationship of the consenter to the Child, the name of the other parent or parents of the Child and the following:

I hereby voluntarily and unconditionally consent to the adoption of the above named Child.

I understand that by signing this consent I indicate my intent to permanently give up all rights to this Child. I understand such Child will be placed for adoption.

I understand I may revoke this consent to permanently give up all rights to this Child by placing the revocation in writing and serving it upon the agency or adult to whom the Child was relinquished.

\* \* \*

If I am the Birth mother of the Child, I understand that this consent to an adoption is irrevocable unless I revoke it within 30 days after executing it by delivering a written revocation to (insert the name and address of the agency coordinating the adoption) or (insert the name and address of an attorney who represents the individual relinquishing parental rights or prospective adoptive parent of the Child) or (insert the court of the county in which the voluntary relinquishment form was or will be filed).

I have read and understand the above and I am signing it as a free and voluntary act.

(2) The consent shall include the date and place of its execution and names and addresses and signatures of at least two persons who witnessed its execution and their relationship to the consenter.

23 Pa.C.S.A. § 2711 (internal emphasis added). Significantly, this Section describes the timeline for revocation of a consent to adoption, as well as a challenge to its validity (and only on the grounds of fraud or duress). *Id.* This Section further makes clear that a revocation and/or a challenge to the validity of a consent to

adoption must be in conformity with the Act. *Id.* Incidentally, the statute does not require a notarized signature of the consentee. *Id.*; *In the Matter of the Adoption of Christopher P.*, 480 Pa. 79, 389 A.2d 94 (1978).

¶ 12 In the instant case, Birth mother executed a consent to adoption on April 12, 2006. The court rejected the consent for the technical omission of Birth mother's marital status. Birth mother signed an amendment to include her marital status on July 12, 2006. Birth mother took no legal action until she filed a petition to revoke the consent on October 20, 2006, which also challenged its validity for the first time. The petition was filed one hundred (100) days after Birth mother had authorized the amended consent. All parties stipulated Appellant was the intended adoptive parent of Child.

¶ 13 The trial court interpreted the statutory time limits for revoking and/or challenging the validity of the consent to adoption as secondary to the existence and content of the consent, reasoning as follows:

> The threshold act that will activate the provisions of [S]ections 2711 and 2712 is the execution of a conforming, proper and complete consent form that is strictly consistent with the legislature's requirements. The failure to obtain such a consent at the outset results in a failure to activate the remaining provisions of [S]ections 2711. Where [S]ection 2711 imposes upon the consenting birth parent certain strict requirements to revoke consent, that requirement presupposes the existence of a valid [ ] consent in the first instance.

(Trial Court Opinion at 7). The court determined Birth mother's consent to adoption was void *ab initio*, because at first it had omitted Birth mother's marital status (and Appellant's name as the adoptive parent, which no one disputed). Essentially, the court concluded a "valid" consent to adoption was a necessary predicate under the statute before the timeliness provisions for revoking and/or challenging the validity of the consent were triggered. We respectfully disagree with this interpretation for the following reasons.

¶ 14 The statute does not explicitly state it is subject to strict construction; but it does plainly provide for time constraints to revoke and/or challenge the validity of a consent to adoption. The practical consequence of the court's interpretation effectively permitted Birth mother to challenge the validity of her consent to adoption at any time, based upon the existence of a technical omission in the form of the initial consent. This lack of finality is exactly the mischief the legislature intended to remedy with the revision to Section 2711 of the Adoption Act in 2004, the purpose of which was to afford finality to the adoption process.[1] Hence the statute renders a consent to adoption irrevocable more than thirty (30) days after execution. *See* 23 Pa.C.S.A. § 2711(c)(1)(ii).[2] Additionally, the statute precludes a challenge to the validity of the consent to adoption after sixty (60) days following the birth of the child or the execution of the consent, whichever occurs later, and only upon the grounds of fraud or duress. *See* 23 Pa. C.S.A. § 2711(c)(3)(i)(A). Thus, the unambiguous language of the statute required the Orphans' court in this case to consider the timeliness of Birth mother's petition to revoke and/or challenge the validity of her

**1.** The legislature rewrote subsection (c), effective May 24, 2004, which applies to all adoption proceedings initiated after that date.

**2.** Nothing in the statute presupposes the "validity" of the consent.

consent before it considered the merits of her claim. Contrary to the court's interpretation, the threshold act that triggers these provisions of Section 2711 is the timely filing of the petition to revoke and/or challenge the validity of the consent to adoption. Whether Birth mother's consent to adoption was valid could be addressed only if her petition had been timely filed. Essentially, the untimeliness of Birth mother's petition precluded the court from addressing the issue of validity.

¶ 15 Here, Birth mother signed a consent to adoption on April 12, 2006. She signed an amendment on July 12, 2006. Assuming without deciding the later date triggered the statutory time limits, Birth mother's petition was still out of time with respect to both her attempt to revoke her consent and her attempt to challenge its validity. The Orphans' court erred when it reached the validity issue first, found the "form" of the consent flawed, and refused to address the timeliness requirement, under the guise of strict construction. We hold Section 2711 required the court first to review the timeliness of Birth mother's petition before addressing whether the consent to adoption technically conformed to the statute. Accordingly, we reverse the court's order overruling Appellant's preliminary objections to Birth mother's petition to revoke and/or challenge the validity of her consent to adoption and remand for further proceedings.

¶ 16 Order reversed; case remanded for further proceedings. Jurisdiction is relinquished.