J-S66029-17

2017 PA Super 333

| | | |
|---|---|---|
| IN RE: R.L., MINOR CHILD | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: WASHINGTON COUNTY | : | |
| CHILDREN AND YOUTH SOCIAL | : | |
| SERVICES AGENCY | : | |
| | : | |
| | : | |
| | : | No. 860 WDA 2017 |

Appeal from the Order Entered May 18, 2017
In the Court of Common Pleas of Washington County Orphans' Court at
No(s): 63-17-0316

BEFORE: BENDER, P.J.E., DUBOW, J., and PLATT*, J.

OPINION BY DUBOW, J.: FILED OCTOBER 20, 2017

Appellant, Washington County Children and Youth Social Services Agency ("Agency"), appeals from the May 18, 2017 Order entered in the Court of Common Pleas of Washington County Orphans' Court, which dismissed the Petition for Voluntary Relinquishment of Parental Rights and Consent to Adoption ("Petition for Voluntary Relinquishment") signed by R.L. ("Father") based on Father's verbal revocation of his consent made 72 days after he executed the consent to adoption. After careful review, we conclude that, pursuant to 23 Pa.C.S. §2711(c), Father's revocation was untimely. We, thus, vacate the Order and remand with instructions.

Minor child R.L. ("Child") was born in December 2015 and placed with the Agency two days after birth. On March 7, 2017, Father and V.C. ("Mother") both signed Petitions for Voluntary Relinquishment.

_____
* Retired Senior Judge assigned to the Superior Court.

On May 18, 2017, the trial court held a hearing to confirm consent and terminate parental rights. At the hearing, Mother remained willing to terminate her parental rights to Child. However, through counsel, Father verbally informed the trial court that he no longer wanted to terminate his parental rights and wanted to revoke his consent. The Agency informed the trial court that Father had signed the Petition for Voluntary Relinquishment more than thirty days prior to the hearing and had not provided any written notice that he intended to revoke his consent as required by 42 Pa.C.S. § 2711(c). The trial court, over the Agency's objection, dismissed Father's Petition for Voluntary Relinquishment based on the fact that Father no longer consented to Child's adoption.[1]

The Agency timely appealed. Both the Agency and the trial court complied with Pa.R.A.P. 1925.

The Agency raises the following issues on appeal:

1. Did the trial court err in dismissing the above referenced action on May 18, 2017, based upon advice from counsel for biological father that his client no longer consented to adoption of the minor child when biological father executed a [Petition for Voluntary Relinquishment] on March 7, 2017, and failed to revoke or challenge the consent pursuant to 23 [Pa.C.S.] § 2711(c)?

_____

[1] The trial court entered the following order: "AND NOW, this 18th day of May, 2017, upon advice from counsel for the biological father that he no longer consents to the adoption of the child, this matter is hereby dismissed." Order, 5/7/17.

2. Did the trial court err by accepting biological father's verbal request to revoke his [Petition for Voluntary Relinquishment] more than 30 days after the execution of the consent, in violation of 23 [Pa.C.S.] § 2711 (c)(1)(i)?

Agency's Brief at 2.

We review a revocation of consent to adoption in relation to a voluntary relinquishment of parental rights for an abuse of discretion or legal error. In re C.M.C., 140 A.3d 699, 704–05 (Pa. Super. 2016). We must determine whether the record is free from legal error and the court's factual findings are supported by the evidence. Id.

Instantly, the Agency avers that the trial court erred when it entered an Order dismissing Father's Petition for Voluntary Relinquishment based on Father's verbal request to revoke his consent to adoption, which was made in violation of the revocation timeline and procedure provided for in 23 Pa.C.S. § 2711(c). Agency's Brief at 5. We agree.

Section 2711 of the Adoption Act sets forth the requirements for a consent to adoption and clearly outlines the procedure and timeframes for revoking a voluntary consent to adoption. See 23 Pa.C.S. 2711. Section 2711(c) unequivocally states that "[a] consent to an adoption may only be revoked as set forth in this subsection," and "[t]he revocation of a consent shall be in writing and shall be served upon the agency or adult to whom the child was relinquished." 23 Pa.C.S. § 2711(c). Further, "[f]or a consent to an adoption executed by a birth father or a putative father, the consent is irrevocable more than 30 days after the birth of the child or the execution

- 3 -

of the consent, whichever occurs later." 23 Pa.C.S. §2711(c)(1)(i) (emphasis added). "An individual may not waive the revocation period[.]" 23 Pa.C.S. § 2711(c)(1)(ii).[2]

This Court has held that "the statute renders a consent to adoption irrevocable more than thirty (30) days after execution," and the unambiguous language of the statute requires a trial court to consider the timeliness of a petition to revoke before it considers the merits of such a petition. In re Adoption of J.A.S., 939 A.2d 403, 408-09 (Pa. Super. 2007).

Instantly, Father did not revoke his consent in writing within 30 days of his execution of consent to adoption and did not serve any written revocation upon any party. Rather, he orally revoked his consent through counsel at the May 18, 2017 hearing, which occurred 72 days after Father executed his Petition for Voluntary Relinquishment on March 7, 2017. In its 1925(a) Opinion, the trial court acknowledged, "[Father] failed to withdraw his consent to voluntary relinquishment of his parental rights within 30 days of March 7, 2017[,] in writing to the appropriate authorities as required by [23 Pa.C.S. § 2711(c)]." Trial Court Opinion, dated 6/16/17, at 4. Nonetheless, the trial court accepted Father's untimely oral revocation and

_____

[2] We note that Section 2711(c) also allows an individual to challenge the validity of the consent by filing a petition within sixty days of the execution of the consent and alleging fraud or duress, which Father did not allege. See 23 Pa.C.S. § 2711(c)(3).

entered an Order dismissing Father's Petition for Voluntary Relinquishment. The trial court opined:

> [I]n open court [Father] withdrew his consent to voluntary relinquishment of his parental rights. We were prepared to hold a hearing on [Father]'s withdrawal of consent, however, the petition for voluntary termination of his parental rights had been filed only as a voluntary relinquishment without an alternative pleading for involuntary relinquishment. Therefore, we dismissed the [voluntary] termination in order for the Agency to file an involuntary termination petition.

Id. at 4. This constitutes legal error.

Section 2711(c) sets forth the only procedure for revoking a consent to adoption; it requires that the revocation be timely, in writing, and served upon appropriate parties. 23 Pa.C.S. § 2711(c). If a revocation is untimely, the trial court is not able to consider the merits of the revocation. In re Adoption of J.A.S., supra at 408-09. Father's oral revocation of his consent to adoption that occurred more than 30 days after his execution of the Petition for Voluntary Relinquishment does not meet the requirements of Section 2711(c) and the trial court, thus, erred in considering its merits. Accordingly, the trial court improperly dismissed Father's Petition for Voluntary Relinquishment. We, thus, vacate the trial court's Order and remand for the trial court to grant Father's Petition for Voluntary Relinquishment.

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

.

Judgment Entered.

- 5 -

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date:  <u>10/20/2017</u>