J. S55031/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: D.-S.I.N.-K, | : | IN THE SUPERIOR COURT OF |
| A MINOR | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: D.M.-N., MOTHER | : | No. 1259 EDA 2018 |

Appeal from the Decree, March 27, 2018,
in the Court of Common Pleas of Philadelphia County
Family Court Division at Nos. CP-51-AP-0000881-2017,
CP-51-DP-0001615-2015

BEFORE: OLSON, J., STABILE, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED OCTOBER 17, 2018**

D.M.-N. ("Mother") appeals from the March 27, 2018 decree entered in the Court of Common Pleas of Philadelphia County, Family Court Division, that terminated her parental rights to her dependent child, D.-S.I.N.-K., male child, born in October of 2014 ("Child"), pursuant to the Adoption Act, 23 Pa.C.S.A. § 2501. Attorney Tracey Chambers Coleman, Mother's court-appointed counsel, has filed a petition to withdraw as counsel, alleging that the appeal is frivolous, together with an **Anders**[1] brief. After careful review, we affirm and grant counsel's petition to withdraw.

The record reflects that Mother and E.K. ("Father") are the natural parents of Child. Child was born out of wedlock when Mother was 16 years old and Father was 17. Child was adjudicated dependent on July 2, 2015.

---

[1] **See Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

On September 5, 2017, the Philadelphia Department of Human Services filed petitions for involuntary termination of Mother's and Father's parental rights. On November 28, 2017, Father filed a consent of birth father form indicating his intent to voluntarily relinquish his parental rights to Child and his consent to Child's adoption, together with a petition to confirm consent hearing. On February 5, 2018, the trial court entered a decree of termination of parental rights with respect to Father. Father did not take an appeal.

The record further reflects that on December 1, 2017, Mother signed a consent of birth mother form indicating her intent to voluntarily relinquish her parental rights to Child and her consent to Child's adoption, which was filed on December 11, 2017, together with a petition to confirm consent. At a hearing held on March 27, 2018, Mother claimed that on the same day that she executed the consent, she "reached out to CUA[2] [] and said she wanted to revoke." (Notes of testimony, 3/27/18 at 8.) Mother's counsel confirmed that no documentation exists to support Mother's claim. (*Id.*) At the conclusion of the hearing, the trial court entered the decree of voluntary termination of parental rights of Mother.

On April 26, 2018, Mother filed a notice of appeal and a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

---

[2] The record indicates that an individual identified only as "Nia" from "CUA-10 Turning Points for Children" appeared at the March 27, 2018 hearing.

Subsequently, the trial court filed its Rule 1925(a) opinion. Mother's counsel then filed a petition for leave to withdraw as counsel and an **Anders** brief.[3]

Pursuant to **Anders**, when counsel believes an appeal is frivolous and wishes to withdraw from representation, he or she must do the following:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record . . . , counsel has determined the appeal would be frivolous;
>
> (2) file a brief referring to anything that might arguably support the appeal . . . ; and
>
> (3) furnish a copy of the brief to defendant and advise him of his right to retain new counsel, proceed **pro se**, or raise any additional points he deems worthy of the court's attention.

**In re S.M.B.**, 856 A.2d 1235, 1237 (Pa.Super. 2004) (citation omitted).[4]

In **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), our supreme court addressed the second requirement of **Anders**, **i.e.**, the contents of an **Anders** brief, and required that the brief:

> (1) provide a summary of the procedural history and facts, with citations to the record;

---

[3] We note that by correspondence dated August 8, 2018, the Philadelphia Department of Human Services informed this court that it would not file a brief in this matter due to its agreement with Attorney Coleman that there are no meritorious grounds for appeal.

[4] In **In re V.E.**, 611 A.2d 1267, 1274-1275 (Pa.Super. 1992), this court extended the **Anders** principles to appeals involving the termination of parental rights. "When considering an **Anders** brief, this Court may not review the merits of the underlying issues until we address counsel's request to withdraw." **In re S.M.B.**, 856 A.2d at 1237.

> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. "After an appellate court receives an *Anders* brief and is satisfied that counsel has complied with the aforementioned requirements, the court then must undertake an independent examination of the record to determine whether the appeal is wholly frivolous." *In re S.M.B.*, 856 A.2d at 1237.

Attorney Coleman has substantially complied with each of the requirements of *Anders*. Although Attorney Coleman does not state in her petition that after making a conscientious examination of the record she has determined that the appeal is frivolous, she states she is filing an *Anders* brief and references *Santiago*. Further, in the *Anders* brief, which counsel forwarded to Mother, along with the petition, counsel directly states that she has made a conscientious examination of the record and determined the appeal is frivolous. (*Anders* brief at unnumbered pages 10-11.) Additionally, Attorney Coleman's *Anders* brief comports with the requirements set forth by the Supreme Court of Pennsylvania in *Santiago*. Finally, attached to Attorney Coleman's petition for leave to withdraw is a

copy of her August 8, 2018 letter to Mother advising Mother of her right to proceed *pro se* or retain alternate counsel and stating Attorney Coleman's intention to seek permission to withdraw. On August 21, 2018, Mother filed with this court a *pro se* motion for appointment of new counsel. A review of Attorney Coleman's *Anders* brief and petition to withdraw reveals that she has substantially complied with the procedural requirements for withdrawing from representation, and we will proceed with our own independent review.

In the *Anders* brief, Attorney Coleman raises the following issues:

> [1.] In accordance with *Anders v. California*, is there anything in the record that might arguably support the appeal that upon independent review of the record the court should conclude that the appeal is not wholly frivolous?
>
> [2.] Whether there was a legal basis for the trial court to terminate Mother's parental rights pursuant to 23 Pa.C.S.A. [§] 2501 and not accept Mother['s] request to revoke voluntary relinquishments[?]

*Anders* brief at unnumbered page 5 (full capitalization omitted).

> We review a revocation of consent to adoption in relation to a voluntary relinquishment of parental rights for an abuse of discretion or legal error. *In re C.M.C.*, 2016 PA Super 112, 140 A.3d 699, 704-05 (Pa. Super. 2016). We must determine whether the record is free from legal error and the court's factual findings are supported by the evidence. *Id.*
>
> Section 2711 of the Adoption Act sets forth the requirements for a consent to adoption and clearly outlines the procedure and timeframes for revoking a voluntary consent to adoption. *See* 23 Pa.C.S.[A. §] 2711. Section 2711(c) unequivocally states that

> "[a] consent to an adoption may only be revoked as set forth in this subsection," and "[t]he revocation of a consent shall be in writing and shall be served upon the agency or adult to whom the child was relinquished." 23 Pa.C.S.[A.] § 2711(c). . . .
>
> This Court has held that "the statute renders a consent to adoption irrevocable more than thirty (30) days after execution," and the unambiguous language of the statute requires a trial court to consider the timeliness of a petition to revoke before it considers the merits of such a petition. *In re Adoption of J.A.S.*, 2007 PA Super 386, 939 A.2d 403, 408-09 (Pa. Super. 2007).
>
> . . . .
>
> Section 2711(c) sets forth the only procedure for revoking a consent to adoption; it requires that the revocation be timely, in writing, and served upon appropriate parties. 23 Pa.C.S.[A.] § 2711(c). If a revocation is untimely, the trial court is not able to consider the merits of the revocation. *In re Adoption of J.A.S.*, *supra* at 408-09.

*In re R.L.*, 172 A.3d 665, 667 (Pa.Super. 2017).

Here, Mother did not revoke her consent in writing within 30 days of her execution of consent to adoption and did not serve any written revocation on any party. Because Mother did not adhere to the statutory procedure and timeframes necessary to revoke a voluntary consent to adoption, the trial court did not abuse its discretion in entering the decree terminating Mother's parental rights to Child.

Decree affirmed.[5] Petition to withdraw granted.

---

[5] We deny Mother's August 21, 2018 *pro se* motion for appointment of new counsel.

J. S55031/18

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/17/18