J-A18001-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JONATHAN M. MCCABE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SCOTT ALLEN PAGE | : | No. 152 WDA 2022 |

Appeal from the Order Entered January 5, 2022
In the Court of Common Pleas of Fayette County
Civil Division at No:  No. 1400 of 2021 GD

BEFORE:  STABILE, J., MURRAY, J., and McLAUGHLIN, J.

MEMORANDUM BY STABILE, J.:          **FILED: September 14, 2022**

Jonathan M. McCabe ("Father") appeals from the January 5, 2022 order, in the Fayette County Court of Common Pleas, modifying the August 13, 2021 final Protection from Intimidation ("PFI")[1] order and adding a provision that Scott Allen Page ("Stepfather") is permitted to have contact with any person protected under this order to the extent it is authorized by court order in a separate custody action.  After review, we affirm.

On August 6, 2021, Father, acting *pro se*, filed a PFI petition against Stepfather on behalf of his two children with Shelby Page ("Mother"), C.M.M., born in December 2014, and K.R.M., born in October 2017 (collectively, "the

_____

[1] The subject order was issued pursuant to the Protection of Victims of Sexual Violence or Intimidation Act ("PVSVI Act"), 42 Pa.C.S.A. §§ 62A01, *et seq.* Despite some references to the contrary, we note that this is not a proceeding under the Protection from Abuse Act ("PFA Act"), 42 Pa.C.S.A. §§ 6101, *et seq.*

Children").[2]  Father alleged physical abuse, noting buttocks injuries following Mother's custodial time.[3]  PFI Petition, 8/6/21, at ¶ 5.  He further indicated "multiple occasions where the boys have come back from [Mother's and Stepfather's] house with different injuries such as bruises and burns," as well as damage to the cap to a tooth.  PFI Petition, 8/6/21, at ¶ 6.  As a result, on the same date, August 6, 2021, the court issued a temporary PFI order.  This order contained a "no contact" provision.  Temporary PFI Order, 8/6/21, at ¶ 2.

On August 13, 2021, the court conducted a hearing on Father's petition. Father was represented by counsel.[4]  Stepfather was not present or represented.  Notably, the court was advised that Stepfather was incarcerated, following the filing of charges related to the facts giving rise to

---

[2] Father additionally filed a separate petition against Mother.  N.T., 8/13/21, at 2.

[3] Pursuant to consent order of July 14, 2021, Mother and Father agreed to shared legal and physical custody of the Children.  Custody Consent Order, 7/14/21.  This order further provided that Stepfather "shall not be present at custody exchanges."  *Id.*  While entered in Fayette County, the custody action was subsequently transferred to Washington County where the parties now reside.  N.T., 2/1/22, at 5-7.

[4] A colloquy occurred on the record between Father's counsel and the trial court as to whether the matter was more appropriately filed under the PFA Act.  Given the similar "no contact" provisions under the PFA and PVSVI Acts, and similar consequences for violating the provisions, the court concluded that there was no need to delay the matter by requiring Father to re-file the petition under the PFA Act.  N.T., 8/13/21, at 7-9.

Father's PFI petition,[5] on a state parole detainer. N.T., 8/13/21, at 2-3. Finding there was appropriate service, the trial court proceeded and entered a final PFI order against Stepfather.[6] *Id.* at 3, 5, 9. This order similarly contained a "no contact" provision. *Id.* at 9-10; Final PFI Order, 8/13/21, at ¶ 2.

Forensic interviews of the Children were conducted on September 1, 2021. Petition for Modification and to Vacate Order, 1/3/22, at Exhibit D (Forensic Interview Information). On September 3, 2021, the charges against Stepfather were withdrawn. *Id.* at Exhibit B (Criminal Docket).

Thereafter, on January 3, 2022, Stepfather filed a petition to modify and to vacate the final PFI order, requesting the court vacate it and allow him "to resume his role in the minor children's life."[7] Petition for Modification and to Vacate Order, 1/3/22. Stepfather alleged that he was arrested and incarcerated only on the false statements of Father to police and contained in the PFI petition, prior to any interview of the Children. Moreover, Stepfather

---

[5] Stepfather was charged with endangering the welfare of children and simple assault. Petition for Modification and to Vacate Order, 1/3/22, at Exhibit B (Criminal Docket).

[6] Expressing the belief that Stepfather "was the actual abuser," and in light of the "no contact" provision of the PFI order, on August 13, 2021, Father withdrew the petition against Mother, who was present and represented by counsel. N.T., 8/13/21, at 3-4.

[7] In the subject petition, Stepfather erroneously identifies the PFA Act, not the PVSVI Act. As indicated, the trial court entered the August 13, 2021 order under PVSVI Act, not the PFA Act. *See supra*, n.1.

argued that the court also conducted the PFI hearing prior to any interview of the Children and failed to afford him means to participate. As a result, Stepfather further averred Father's actions were in bad faith. *Id.*

The court conducted a hearing on January 4, 2022, at which Stepfather was represented by counsel. By order dated and entered January 5, 2022, the trial court denied Stepfather's request to vacate the PFI order as it was entered more than 30 days prior. However, the court granted Stepfather's request to modify, as follows:

> The [c]ourt did not intend to establish custody on a permanent basis by entering an order for three (3) years prohibiting contact with the minor children.
>
> Accordingly, the Request to Modify the PFA is **GRANTED** to add the following provision: Defendant is **PERMITTED** to have contact with the Plaintiff or any other person protected under this order to the extent it is authorized by [c]ourt [o]rder in a separate custody action.

Order, 1/5/22. The court included a footnote stating, "PFA Proceedings are not meant to establish custody on a permanent basis. The PFA Act was not intended to replace other established proceedings for the determination of permanent custody of children." *Id.* at n.1 (citing **Rosenberg v. Rosenberg**, 504 A.2d 350, 351 (Pa. Super. 1986)). The court entered an amended PFI order on January 5, 2022.

Following the filing of a motion for reconsideration by Father, the trial court held a hearing on February 1, 2022. By order dated and entered February 1, 2022, the court denied Father's motion for reconsideration.

On February 4, 2022, Father, through counsel, filed a timely notice of appeal of the January 5, 2022 order, along with a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(i) and (b).[8] The trial court issued a Statement in Lieu of Opinion, dated February 10, 2022, and filed and docketed February 11, 2022, relying on its order and the reasoning provided during the hearing on February 1, 2022.

On appeal, Father raises the following issues for our review:

1. Did the trial court err[] as a matter of law or otherwise abuse its discretion when it amended a final [PFI] [o]rder more than thirty days after entry when no timely Motion for Reconsideration or timely appeal was filed by [Stepfather] and [Father] objected to vacation or amendment of the final order?

2. Did the trial court err[] as a matter of law or otherwise abuse its discretion when it amended a final PFI order more than thirty days after entry to grant permission to a custody court to authorize contact between an intimidator and his victims when the intimidator is not a natural parent of the protected individuals?

Father's Brief at 2.

We note the following well-settled standard of review with respect to cases involving statutory interpretation:

> [T]he interpretation and application of a statute is a question of law that compels plenary review to determine whether the court committed an error of law. As with all questions of law, the appellate standard of review is *de novo* and the appellate scope of review is plenary.

---

[8] On April 28, 2022, this Court granted counsel for Stepfather's motion to withdraw, and Stepfather is now proceeding *pro se*.

*C.B. v. J.B.*, 65 A.3d 946, 951 (Pa. Super. 2013) (quoting *In re Adoption of J.A.S.,* 939 A.2d 403, 405 (Pa. Super. 2007) (citations omitted).

As to amendment and/or modification, the Protection of Victims of Sexual Violence or Intimidation Act, 42 Pa.C.S.A. § 62A07 provides, in relevant part:

> **§ 62A07. Relief**
>
> . . .
>
> **(c) Duration and amendment of order or agreement.--**A protection order or an approved consent agreement shall be for a fixed period of time not to exceed 36 months. **The court may amend its order or agreement at any time upon subsequent petition filed by either party.**

42 Pa.C.S.A. § 62A07(c) (emphasis added).

Further, 42 Pa.C.S.A. § 62A17 states, in part:

> **§ 62A17. Procedure and other remedies**
>
> **(a) General rule.--**Unless otherwise indicated under this chapter, a proceeding under this chapter shall be in accordance with applicable general rules and shall be in addition to any other available civil or criminal remedies. **The plaintiff and the defendant may seek modification of a protection order issued under section 62A07 (relating to relief) at any time during the pendency of the order. Except as otherwise provided in this chapter, modification may be ordered after the filing of a petition for modification, service of the petition and a hearing on the petition.**
>
> . . .

42 Pa.C.S.A. § 62A17(a) (emphasis added).

With his first issue, Father challenges the trial court's authority to amend the final PFI order nearly five months after entry of the order. Father's Brief

at 9-11. Specifically, relying on 42 Pa.C.S.A. § 5505, Father asserts that, in essence, Stepfather was requesting vacation, not amendment, of the final PFI order as a means of an untimely appeal or reconsideration. *Id.* at 9-11; *see* 42 Pa.C.S.A. § 5505 (stating, "Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed."); *see also Stockton v. Stockton*, 698 A.2d 1334, 1337 (Pa. Super. 1997) (holding the trial court's "authority under 42 Pa.C.S.A. § 5505 to modify or rescind an order 'is almost entirely discretionary; this power may be exercised *sua sponte,* or may be invoked by a request for reconsideration filed by the parties, and the court's decision to decline to exercise such power will not be reviewed on appeal[ ]' ") (citation omitted).[9] In so arguing, Father emphasizes the nature

---

[9] It follows, Pennsylvania Rule of Civil Procedure 1930.2 provides, in part:

> (a) There shall be no motions for post-trial relief in any domestic relations matter, including Protection of Victims of Sexual Violence or Intimidation matters.
>
>  *Note: See* [Pa.R.Civ.P.] No. 1957.
>
> (b) A party aggrieved by the decision of the court may file a motion for reconsideration in accordance with Pa.R.A.P 1701(b)(3). If the court does not grant the motion for reconsideration within the time permitted, the time for filing a notice of appeal will run as if the motion for reconsideration had never been presented to the court.

*(Footnote Continued Next Page)*

of the issues raised by Stepfather, which he characterizes as "procedural and evidentiary" complaints. *Id.* at 10-11. Father states, "[Stepfather] requested that the court vacate the PFI order, not amend it, regardless of the title of the pleading. Essentially, [Stepfather] missed the appeal period and postured what should have been a motion for reconsideration or appeal, had it been made timely, into a motion to vacate the PFI order and the court improperly considered the matter and amended the order over objection. . . ." *Id.* at 10.

Here, as to vacating the order, the court reasoned, "[W]e denied your request to vacate it because it was more than the thirty days." N.T., 2/1/22, at 9. However, pursuant to Sections 62A07(c) and 62A17(a), the court is permitted to amend a PFI order upon petition "at any time." Hence, because Father filed the petition seeking modification, his first issue is without merit.

Turning to his second argument, Father contends that, irrespective of timeliness, the trial court erred in amending the final PFI order by essentially modifying custody. Father's Brief at 11-12. Father asserts that the PFI statute

---

> *Note:* Pennsylvania Rule of Appellate Procedure 903 states that the Notice of Appeal shall be filed within 30 days after the entry of the order from which the appeal is taken, except as otherwise set forth in that rule.
>
> . . .

Pa.R.Civ.P. 1930.2. Rule 1930.2(c) further provides that the trial court must enter its reconsidered decision within 120 days of the date on which the trial court grants reconsideration. Pa.R.Civ.P. 1930.2.

does not authorize custody awards. *Id.* at 11. He claims that the trial court improperly modified custody in as much as it recognized that the "no contact" provision may be superseded by a subsequent custody order. *Id.* at 11-12. He states,

> The trial court specifically authorized a child custody court to grant, if it saw fit, contact between the defendant and the children protected in the PFI order entered August 13, 2021. The PFI statute does not grant authority to the trial court to make custody awards and therefore, it would stand to reason that the trial court could not[] amend a PFI order to grant that authority to a custody court.

*Id.*

In explaining its modification, the court clarified that it "did not lift the no contact." N.T., 2/1/22, at 11, 14-15. The court stated, "Right now, depending on what's in that other custody order, [Stepfather] cannot have contact unless it's authorized by the custody order in Washington County." *Id.* at 15. The court further indicated that it did not want to "handcuff a Judge for the next three years who may want to do something with custody. I don't know what's going to happen. Custody is always modifiable. I don't want to preclude any modifications of custody for the next three years." *Id.* at 13. The court continued,

> The purpose again is because nobody knows, we have to leave open the possibility of some modification for the best interest of the children for the next three years and that'll be determined by the Judge in Washington County, and I didn't want this order to in any way preclude him or her from making any decisions in custody that they feel is appropriate.

*Id.* at 15.

Upon review, the trial court did not grant or modify custody. The trial court clearly recognized that Stepfather had no custodial rights. N.T., 8/13/21, at 6 (stating, "I mean, he has no rights to [the Children]."). Further, and significantly, the court did not authorize contact. The court merely recognized that its PFI order can be superseded during subsequent custody proceedings. N.T., 2/1/22, at 9, 14-15. Given that a custody court has authority with respect to a custody award and its modification, requiring it to examine a child's best interests and the factors related thereto,[10] Father's second claim is without merit. **See** 23 Pa.C.S.A. § 5328(a); **see also** 23 Pa.C.S.A. § 5338; **see also C.H.L. v. W.D.L.**, 214 A.3d 1272, 1280 n.4 (Pa. Super. 2019) (this Court recognized that final custody order "presumably subsumes . . . the temporary custody provision of the PFA Order.").

For the forgoing reasons, we affirm the order of the trial court.

Order affirmed.

---

[10] Notably, a court must "giv[e] weighted consideration to those factors which affect the safety of the child." 23 Pa.C.S.A. § 5328(a).

- 10 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  9/14/2022