**[J-5-2020]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

**SAYLOR, C.J., BAER, TODD, DONOHUE, DOUGHERTY, WECHT, MUNDY, JJ.**

| | | |
|---|---|---|
| IN RE: J.W.B. AND R.D.B., MINORS | : | No. 93 MAP 2019 |
| | : | |
| | : | Appeal from the Order of Superior |
| APPEAL OF: L.B., FATHER | : | Court at No. 215 MDA 2019 dated |
| | : | July 12, 2019, Reconsideration |
| | : | Denied August 29, 2019, Affirming |
| | : | the Decree dated January 4, 2019 by |
| | : | the Lycoming County Court of |
| | : | Common Pleas, Orphans' Court |
| | : | Division, at No. 6608 |
| | : | |
| | : | ARGUED:  March 10, 2020 |

**OPINION**

**JUSTICE DONOHUE**                              **DECIDED:  June 16, 2020**

Appellant, L.B., is a resident of Colorado.  In this discretionary appeal, we consider whether the Superior Court erred in its application of Pennsylvania law to find that L.B. ("Father"), was foreclosed from challenging the validity of his consent to permit the adoption of his minor children, where his consent satisfies the requirements of Pennsylvania's Adoption Act, 23 Pa.C.S. §§ 2101-2910, but not the requirements of Colorado's corresponding statute.[1]  As explained herein, we conclude that the Superior Court did not err in affirming the trial court's entry of a decree terminating Father's parental rights to J.W.B. and R.D.B. ("the Children").

---

[1]  *See* C.R.S.A. § 19-5-103.

*Statutory Framework*

Pennsylvania's Adoption Act provides two mechanisms by which to obtain the consent of a parent for the adoption of his or her child. Sections 2501 and 2502 provide that a natural parent may file a petition to relinquish his or her parental rights to a child to an agency or an adoptive adult, respectively. *See* 23 Pa.C.S. §§ 2501-02. Upon the filing of a petition under either Sections 2501 or 2502, the trial court sets a hearing to terminate the petitioning parent's parental rights. 23 Pa.C.S. § 2503.

Where a parent has not filed a petition to relinquish his or her parental rights, Section 2504 provides an alternative means to obtain parental consent to adoption. Pursuant thereto, when a natural parent has executed a consent to adoption, the adoptive parent may petition the court for a hearing to confirm the natural parent's consent to adoption. *See* 23 Pa.C.S. § 2504(a). The court will then schedule a hearing to confirm the consent that the parent previously gave to the adoption. 23 Pa.C.S. § 2504(b).

Section 2711 of the Adoption Act governs the content, form, and validity of the consents necessary for an adoption. Regarding validity, subsection (c) provides that

> [n]o consent shall be valid if it was executed prior to or within [seventy-two] hours after the birth of the child. A putative father may execute a consent at any time after receiving notice of the expected or actual birth of the child. Any consent given outside this Commonwealth shall be valid for purposes of this section if it was given in accordance with the laws of the jurisdiction where it was executed. A consent to an adoption may only be revoked as set forth in this subsection. The revocation of a consent shall be in writing and shall be served upon the agency or adult to whom the child was relinquished.

23 Pa.C.S. § 2711(c). It further provides that a consent to adoption executed by the birth father is "irrevocable more than [thirty] days after the birth of the child or the execution of

the consent, whichever occurs later." 23 Pa.C.S. § 2711(c)(1)(i). A natural parent who has executed a consent to adoption "may challenge the validity of the consent only by filing a petition alleging fraud or duress within[,]" as relevant here, "[s]ixty days after … the execution of the consent[.]" 23 Pa.C.S. 2711(c)(3)(A). Subsection (d) sets forth what information and acknowledgements the written consent must contain.

*Factual Background*

L.B. and A.S. ("Mother") are the parents of the two Children, born in 2013 and 2015. In February 2017, Father moved from Pennsylvania to Colorado, where he has remained ever since. In September of that year, Father told Mother that he wanted to terminate his parental rights to the Children and that Mother's husband, M.S., could adopt them. Father asked Mother to contact the lawyer that assisted them with their divorce, Roger Wiest, II, Esquire, to draw up the necessary paperwork. Attorney Wiest drafted a consent to adoption compliant with section 2711(d) of the Adoption Code, 23 Pa.C.S. § 2711(d), and sent it to Father. In November 2017, Father executed the consent document and returned it to Attorney Wiest.

During the following months, Father contacted Attorney Wiest to check on the status of the adoption proceedings. In May 2018, Mother sent Father a text message telling him that she and M.S. were moving ahead with the adoption and soon would be filing the necessary paperwork. Father contacted Attorney Wiest and told him that he changed his mind and no longer consented to the adoption of the Children. In light of this turn of events, Attorney Wiest advised the parties to obtain separate counsel.

In June 2018, with new counsel, Mother filed a petition to confirm Father's consent to adoption or, alternatively, to involuntarily terminate Father's parental rights to the

Children. Father opposed the petition, claiming that his consent was invalid because it did not meet the requirements of Colorado law for a consent to adoption. At the hearing on this petition, the facts as set forth above were established. In addition, Father conceded that although he verbally informed Attorney Wiest that he wanted to revoke his consent to the adoption, he never reduced his revocation to writing. N.T., 10/17/2018, at 56. Father also presented the testimony via telephone of Randall Klauzer, Esquire, a Colorado attorney, who testified that the consent Father executed would not be valid and enforceable under Colorado law, as Colorado law imposes requirements for a consent to adoption that are not required by Pennsylvania law.[2] *Id.* at 29-32. Attorney Klauzer further testified that Colorado law provides that consents to adoption may be revoked at any time prior to the adoption. *Id.* at 31. At the conclusion of this hearing, the trial court set a time for the parties to provide argument as to whether Father's consent was valid. Trial Court Order, 10/18/2018.

When the parties reconvened for argument, Father focused on the portion of section 2711(c) that provides that "[a]ny consent given outside this Commonwealth shall be valid for purposes of this section if it was given in accordance with the laws of the jurisdiction where it was executed." 23 Pa.C.S. § 2711(c). He argued that because the consent was invalid under Colorado law, it could not be deemed valid under Pennsylvania law, and therefore, he was not required to comply with the timing requirements in section

---

[2] For instance, Attorney Klauzer testified that Colorado requires, inter alia, pre-consent counseling and that the consent must be sworn under penalty of false reports or perjury. N.T., 10/17/2018, at 30-32.

2711(c) governing the revocation of consent. *See* N.T., 11/28/2018, at 2-7.[3] In response, Mother relied on the Superior Court decision *In re Adoption of J.A.S.*, 939 A.2d 403 (Pa. Super. 2007), to support her argument that the filing of a timely revocation petition is the event that triggers an inquiry into the validity of a consent, and therefore, Father's failure to file a timely revocation petition precludes his challenge to the validity of his consent. *Id.* at 12-14. In January, the trial court issued its decision, agreeing with Mother and finding that Father's failure to timely revoke his consent or challenge the validity of his consent barred his present challenge to the validity of his consent to adoption. Trial Court Order, 1/4/2019, at 5 (citing *J.A.S.*, 939 A.2d at 408). The trial court entered a decree terminating Father's parental rights to the Children. *See* Decree, 1/4/2019.

Father appealed, challenging the trial court's refusal to consider the validity of his consent under Colorado law. *See In re J.W.B.*, 215 A.3d 602, 605 (Pa. Super. 2019), *appeal granted*, 221 A.3d 183 (Pa. 2019). Father premised his argument on the portion of section 2711(c) referencing consents given outside of Pennsylvania and argued that such consents are valid in Pennsylvania if they comply with the validity requirements of the jurisdiction in which they were executed. *Id.* at 607-08. Father thus argued that because the consent he signed was not valid under Colorado law, it was void ab initio and therefore could not support a finding that he consented to the adoption of the Children. *Id.* at 608.

---

[3] In further support of a finding of invalidity, Father also argued that because the consent he signed incorrectly stated that he could send his written revocation to the Northumberland orphans' court (instead of the Lycoming County orphans' court), the consent was invalid. *See* Trial Court Order, 1/4/2019, at 3. The trial court ultimately rejected this argument as irrelevant because Father admittedly never attempted to send a written revocation of his consent to either location. *Id.*

The Superior Court began by explaining that the decision of which forum's law to apply in adoption proceedings hinges on which forum has a significant relationship with the intended adoptee, as that state will have the "dominant interest … in fixing the prospective adoptive child's status and relationships." *Id.* at 606 (quoting *In re Adoption of D.*, 769 A.2d 508, 510 (Pa. Super. 2001) (citing the Restatement (Second) of Conflicts of Law)). The Superior Court recognized that this approach mirrors the aims of the Uniform Child Custody Act and the Parental Kidnapping Prevention Act to ensure that jurisdiction for adoption lies in the state to which a child has the "closest connection." *Id.* at 606. The court considered *In re Adoption of D.*, 769 A.2d 508 (Pa. Super. 2001), which involved a child and adoptive family in Pennsylvania and parental consents to adoption executed in other states. In that case, the Superior Court concluded that where the adoptive parents and child are in Pennsylvania and the birth parents are outside of the state, Pennsylvania has the dominant interest in establishing the child's status and relationships; therefore, it was not "feasible or reasonable to subject the most critical and important aspect of the adoption proceeding, termination of parental rights, to a foreign jurisdiction, which has less stringent safeguards to the biological parent than Pennsylvania." *Id.* (quoting *In re Adoption of D.*, 769 A.2d at 510). The Superior Court found that here, as in *In re Adoption of D.*, Pennsylvania's interest in establishing the Children's relationships and status outweighed Colorado's interest, and therefore, that Pennsylvania law applies.

Turning to the Adoption Act, the Superior Court acknowledged that Section 2711(c) provides a thirty-day period for a party to revoke a previously executed consent and a sixty-day period to challenge the validity of a consent based upon fraud or duress. *Id.* at

607. With respect to these time periods, the Superior Court recognized that in *J.A.S.* it had previously held that "the unambiguous language of [section 2711] requires a trial court to consider the timeliness of a petition to revoke consent before it considers the merits." *Id.* at 607 (citing *J.A.S.*, 939 A.2d at 408-09).

Based on the sum of the above, the Superior Court rejected Father's claim that because his consent did not comply with Colorado law, it was void ab initio. The court reasoned that it was "immaterial whether Father executed his consent in compliance with the laws of the jurisdiction in which he resided" because it satisfied Pennsylvania's consent requirements, as articulated in section 2711(d), and therefore, the trial court did not err in finding that it was valid for purposes of the adoption proceedings. *Id.* at 608.

We granted Father's petition seeking discretionary review of the following issue:

> Did the [t]rial [c]ourt and Superior Court err in application of 23 Pa.C.S. § 2711(c) by failing to consider the invalidity of consents for adoption under Colorado law, simply because the Colorado resident Father did not revoke consent within [thirty] days in accordance with Pennsylvania law where no such requirement exists in Colorado and where Colorado law permits revocation of consent up to and including the date of hearing?

*In re J.W.B.*, 221 A.3d 183, 184 (Pa. 2019). Our standard and scope of review in termination of parental rights cases is as follows:

> [It] requires appellate courts to accept the findings of fact and credibility determinations of the trial court if they are supported by the record. *In re Adoption of S.P.*, 47 A.3d 817, 826 (Pa. 2012). If the factual findings are supported, appellate courts review to determine if the trial court made an error of law or abused its discretion. *Id.* A decision may be reversed for an abuse of discretion only upon demonstration of manifest unreasonableness, partiality, prejudice, bias, or ill-will." *Id.* The trial court's decision, however, should not be reversed merely because the record would support a different result. *Id.* at 827.

*In re T.S.M.*, 71 A.3d 251, 267 (Pa 2013).   Conversely, when we engage in statutory interpretation, our standard of review is de novo and our scope of review is plenary. *Roverano v. John Crane, Inc.*, A.3d, 2020 WL 808186, at *7 (Pa. Feb. 19, 2020).

*Parties' Arguments*

Father argues that the Superior Court's interpretation and application of the law writes a portion of section 2711(c) out of the Adoption Act.  In his view, the provision in section 2711(c) that "[a]ny consent given outside this Commonwealth shall be valid for purposes of this section if it was given in accordance with the laws of the jurisdiction where it was executed" evinces a legislative intent to provide the parent providing consent from outside of Pennsylvania with "protection" afforded to him by the consent requirement of the other jurisdiction (in his case, Colorado).  *See* Father's Brief at 9-10.  Father emphasizes the aspects of Colorado's consent requirements that are not reciprocated in Pennsylvania law, including the requirement for pre-relinquishment counseling and the ability of the parent to withdraw consent at any point prior to the finalization of the adoption.  He argues that by "rigidly applying" Pennsylvania's thirty-day revocation requirement, the Superior Court denied him these protections provided by Colorado law. *Id.* at 10.  Thus, Father concludes, the Superior Court's pronouncement that it was "immaterial" whether his consent complied with the requirements of Colorado law contravenes the intent of the General Assembly as expressed in section 2711(c).  *Id.* at 12.

Although Father contends that the Superior Court's reliance on *J.A.S.* was unnecessary, he nonetheless argues that *J.A.S.* was wrongfully decided because it "put the cart before the horse" by holding that the timeliness of a consent must be considered

before the validity of the consent. *Id.* Father fears that a literal application of *J.A.S.* would preclude parents from challenging the validity of a purported consent in a variety of circumstances, such as a text message sent in frustration stating "I'm tired of the little monsters, you can have them[.]" *Id.* at 11. In the case of such a text message consent, Father argues that the spouse receiving the text could file a petition to confirm consent thirty-one days after receiving the text, thereby foreclosing the opportunity for the sending parent to challenge the validity of the consent. *Id.* Father contends that the application of *J.A.S.* here is particularly troubling because, in his view, the consent he executed is wholly invalid under Colorado law and thus cannot legally support the termination of his parental rights. *Id.* at 12.

Mother finds no fault in the Superior Court's reliance on *In re Adoption of D.*, *J.A.S.* and section 2711(c) to reach its conclusion. It is her position that because Father's consent complies with Pennsylvania law and Pennsylvania law applies, Colorado's requirements are inconsequential and the consent cannot, as Father argues, be deemed invalid. Mother's Brief at 3-5. Mother contends that if Father's argument were to prevail, it would lead to untenable results. Mother hypothesizes an adoption where one natural parent lives in Colorado and the other lives in Arizona; under Father's interpretation of the statute, Mother argues, each parent would be subject to the laws of the state in which they reside, providing different standards and rights to each parent, as their home state allows. *Id.* at 5-6.[4] This cannot be the intent of our General Assembly, and in Mother's

---

[4] For instance, while the Colorado parent would be required to obtain counseling and could revoke consent up to the time of the adoption proceeding, the Arizona parent would not have to attend counseling and could not revoke consent absent fraud, duress or undue influence. Mother's Brief at 6 (citing A.R.S. § 8-106(D)).

view, "the ultimate question" would be whether the consent executed substantially complies with the foreign jurisdiction's requirements; yet, in this case we do not reach that question, because Father failed to file a timely petition seeking to revoke his consent. *Id.* at 6.

Mother refutes Father's claim that *J.A.S.* nullifies the requirements of section 2711(c), as "the remainder of [section] 2711 clearly dictates precisely how to deal with Father's allegation that the consent … was invalid, which was to file a revocation." *Id.* at 7. Indeed, Mother argues that Father's position (that the validity of a consent should be considered before the timeliness of a revocation request) threatens to "write out" the other requirements of section 2711, which specifically provide a thirty-day window for the revocation of consent and that a party cannot waive this thirty-day revocation provision. *Id.* at 8. Mother further disputes Father's attempt to distinguish the present case from *J.A.S.* on its facts. In her view, the fact that *J.A.S.* involved two Pennsylvania litigants is of no matter because the salient question there was the same as here: what constitutes the triggering act for purposes of section 2711. *Id.* Mother reiterates the Superior Court's rationale that the timeliness of the revocation request must be the primary consideration because to conclude otherwise would allow a parent to challenge the validity of his or her consent at any time, which would contravene the thirty-day period established in section 2711(c)(1). Mother accuses Father of attempting to invalidate his consent after the statutorily mandated period, in contravention of the legislative scheme contained in the Adoption Act to provide a resolution and finality for children and adoptive parents. *Id.* at 10.

*Analysis*

The issue presented requires close examination of Sections 2504(a)-(b) and 2711(c) and (d) of the Adoption Act, and as such we set forth these provisions in full:

**§ 2504. Alternative procedure for relinquishment**

**(a) Petition to confirm consent to adoption.--**If the parent or parents of the child have executed consents to an adoption, upon petition by the intermediary or, where there is no intermediary, by the adoptive parent, the court shall hold a hearing for the purpose of confirming a consent to an adoption upon expiration of the time periods under section 2711 (relating to consents necessary to adoption). The original consent or consents to the adoption shall be attached to the petition.

\* \* \*

**(b) Hearing.--**Upon presentation of a petition filed pursuant to this section, the court shall fix a time for a hearing which shall not be less than ten days after filing of the petition. Notice of the hearing shall be by personal service or by registered mail or by such other means as the court may require upon the consenter and shall be in the form provided in section 2513(b) (relating to hearing). Notice of the hearing shall be given to the other parent or parents, to the putative father whose parental rights could be terminated pursuant to subsection (c) and to the parents or guardian of a consenting parent who has not reached 18 years of age. The notice shall state that the consenting parent's or putative father's rights may be terminated as a result of the hearing. After hearing, which shall be private, the court may enter a decree of termination of parental rights in the case of a relinquishment to an adult or a decree of termination of parental rights and duties, including the obligation of support, in the case of a relinquishment to an agency.

23 Pa.C.S. § 2504(a)-(b).

**§ 2711. Consents necessary to adoption**

\* \* \*

**(c) Validity of consent.--**No consent shall be valid if it was executed prior to or within 72 hours after the birth of the child. A putative father may execute a consent at any time after receiving notice of the expected or actual birth of the child. Any consent given outside this Commonwealth shall be valid for purposes of this section if it was given in accordance with the laws of the jurisdiction where it was executed. A consent to an adoption may only be revoked as set forth in this subsection. The revocation of a consent

shall be in writing and shall be served upon the agency or adult to whom the child was relinquished. The following apply:

> (1) Except as otherwise provided in paragraph (3):
>
>> (i) For a consent to an adoption executed by a birth father or a putative father, the consent is irrevocable more than 30 days after the birth of the child or the execution of the consent, whichever occurs later.
>>
>> (ii) For a consent to an adoption executed by a birth mother, the consent is irrevocable more than 30 days after the execution of the consent.
>
> (2) An individual may not waive the revocation period under paragraph (1).
>
> (3) Notwithstanding paragraph (1), the following apply:
>
>> (i) An individual who executed a consent to an adoption may challenge the validity of the consent only by filing a petition alleging fraud or duress within the earlier of the following time frames:
>>
>>> (A) Sixty days after the birth of the child or the execution of the consent, whichever occurs later.
>>>
>>> (B) Thirty days after the entry of the adoption decree.
>>
>> (ii) A consent to an adoption may be invalidated only if the alleged fraud or duress under subparagraph (i) is proven by:
>>
>>> (A) a preponderance of the evidence in the case of consent by a person 21 years of age or younger; or
>>>
>>> (B) clear and convincing evidence in all other cases.

**(d) Contents of consent.--**

(1) The consent of a parent of an adoptee under 18 years of age shall set forth the name, age and marital status of the parent, the relationship of the consenter to the child, the name of the other parent or parents of the child and the following:

> I hereby voluntarily and unconditionally consent to the adoption of the above named child.
>
> I understand that by signing this consent I indicate my intent to permanently give up all rights to this child.
>
> I understand such child will be placed for adoption.
>
> I understand I may revoke this consent to permanently give up all rights to this child by placing the revocation in writing and serving it upon the agency or adult to whom the child was relinquished.
>
> If I am the birth father or putative father of the child, I understand that this consent to an adoption is irrevocable unless I revoke it within 30 days after either the birth of the child or my execution of the consent, whichever occurs later, by delivering a written revocation to (insert the name and address of the agency coordinating the adoption) or (insert the name and address of an attorney who represents the individual relinquishing parental rights or prospective adoptive parent of the child) or (insert the court of the county in which the voluntary relinquishment form was or will be filed).
>
> If I am the birth mother of the child, I understand that this consent to an adoption is irrevocable unless I revoke it within 30 days after executing it by delivering a written revocation to (insert the name and address of the agency coordinating the adoption) or (insert the name and address of an attorney who represents the individual relinquishing parental rights or prospective adoptive parent of the child) or (insert the court

of the county in which the voluntary relinquishment form was or will be filed).

I have read and understand the above and I am signing it as a free and voluntary act.

(2) The consent shall include the date and place of its execution and names and addresses and signatures of at least two persons who witnessed its execution and their relationship to the consenter.[5]

23 Pa.C.S. § 2711(c), (d).

The aim of statutory interpretation is to give effect to the intent of our General Assembly. 1 Pa.C.S. § 1921(a). The plain language of a statute is the best indicator of the General Assembly's intent, and only where the language is not clear and free from ambiguity do we turn to principles of statutory construction to aid our interpretation. *Matter of Private Sale of Prop. By Millcreek Twp. Sch. Dist.*, 185 A.3d 282, 291 (Pa. 2018). When interpreting a statute, "we must always read the words of a statute in context, not in isolation, and give meaning to each and every provision" and "our interpretation must not render any provision extraneous... ." *Gavin v. Loeffelbein*, 205 A.3d 1209, 1221 (Pa. 2019). We must presume that the General Assembly did not intend a result that is absurd or unreasonable or which violates the Constitutions of the United States or this Commonwealth, and that it intend for the entire statute to be effective and certain. 1 Pa.C.S. § 1922.

---

[5] Subsequent to the events at issue in this appeal, Subsection 2711(d)(2) was amended to provide that the consent of an incarcerated parent may be witnessed by a correctional facility employee designated by the correctional facility, and that for any parent a signature may be acknowledged by a notary public or by two witnesses. *See* 2019, July 2, P.L. 336, No. 47, § 1 (effective Sept. 3, 2019).

Here, the Superior Court ruled that Father did not attempt to revoke his consent to the adoption within thirty days after he signed the consent document drafted by Attorney Wiest, 23 Pa.C.S. § 2711(c)(1)(i), and he did not challenge the validity of his purported consent by filing a petition alleging fraud or duress within sixty days of that time, 23 Pa.C.S. § 2711(c)(3)(i)(A). Relying on its prior decision in *J.A.S.*, the Superior Court thus ruled that any challenge to Father's consent was untimely, and that "[t]he language of the statute 'plainly provide[s] for the time restraints to revoke and/or challenge the validity of a consent to adoption.'" *In re J.W.B.*, 215 A.3d at 607 (quoting *J.A.S.*, 939 A.2d at 408). The Superior Court further held that Father's reliance upon Colorado law was misplaced, as its choice of law analysis demonstrated that Pennsylvania law governs in this case. *Id.* at 606.

The Superior Court's ruling that the merits of Father's arguments regarding the validity of his consent could not be considered because he failed to comply with the timing requirements in Section 2711(c) ignores the timing requirement in Section 2504(a), which provides that a hearing on a petition to confirm consent cannot take place until after the expiration of the time periods under Section 2711 - thirty days for revocation and sixty days for a validity challenged based on fraud or duress. Despite the requirement that the court must confirm consent at a hearing **after** the expiration of these time frame, the Superior Court effectively concluded that a relinquishing parent could not be heard at the Section 2504(a) hearing. Under the Superior Court's interpretation, there is no opportunity to challenge, or the court to confirm, that the previously executed consent complied with the technical requirements to effectuate a legally sufficient consent, including those set forth in Sections 2711(c) and (d) or in the adoption laws of another

state. Here, Father has not attempted to revoke his prior consent and he has not alleged that his prior consent was the result of fraud or duress. Instead, Father contends that his execution of the consent document prepared by Attorney Wiest did not constitute a legally valid consent under Colorado law and was therefore void ab initio, thereby precluding any need to revoke or otherwise challenge it. In other words, there was no consent to adoption. The Superior Court's conclusion that there is no opportunity to raise this challenge does not comport with the Adoption Act.

Although the exclusivity language in Subsection 2711(c)(3) suggests that challenges to the validity of a previously executed consent are limited to those timely filed and based upon fraud or duress, thereby precluding a challenge to the sufficiency of the consent, we decline to so interpret the statutory framework of the Adoption Act. Because it is our obligation to give meaning to all provisions of the statute, we must read the time frames in Section 2711(c)(3) in harmony with Section 2504(a), which provides a different time frame for the court to confirm a consent to adoption.

In conducting statutory interpretative analysis, the General Assembly has instructed that courts must presume that it did not intend a result that violates the Constitutions of the United States or this Commonwealth. 1 Pa.C.S. § 1922(3). Termination of parental rights implicates due process rights under the Fourteenth Amendment to the United States Constitution. *Santosky v. Kramer*, 455 U.S. 745, 753 (1982). Parents have a fundamental liberty interest in the care, custody, and management of their children, and before those rights are terminated the person must be given due process of law. *Id.* On at least two occasions, this Court has held that due process requires that the grounds for termination of parental rights must be established

by clear and convincing evidence. *In re A.J.R.-H.*, 188 A.3d 1157, 1179 (Pa. 2018); *In re D.C.D.*, 105 A.3d 662, 676 (Pa. 2014). As such, consistent with the demands of due process, a parent must be provided with an opportunity to raise a challenge to the fact of consent, in accordance with applicable law, to the termination of his parental rights before the entry of a decree of adoption.

The Adoption Act expressly provides a forum to raise such a challenge. Section 2504(a) of the Adoption Act provides that if a parent or parents of a child have executed consents to an adoption, the adoption intermediary or the adoptive parent shall file a petition requesting that the trial court hold a hearing "for the purpose of confirming a consent to an adoption." 23 Pa.C.S. § 2504(a). The hearing may not take place until after the thirty and sixty day time periods in Section 2711 have expired. *Id.* The consent or consents to be confirmed must be attached to the petition. *Id.* The parties must be provided with notice of the hearing by personal service or registered mail, and the notice must advise the consenting parent that his or her parental rights may be terminated as a result of the hearing. 23 Pa.C.S. § 2504(b).

Section 2504(a) is entitled "Petition to confirm consent to adoption," and as this title makes clear, it requires the trial court to confirm the validity of consent(s) to an adoption. While the statute requires that the hearing may not be held until after the expiration of the time limits in Section 2711, it does not indicate that the trial court's function at the hearing is limited to confirming that those time limits have passed. If the trial court's task was so perfunctory, no hearing would be necessary because a certification would suffice. Instead, the consent(s) at issue must be attached to the petition, and the obvious import of this requirement is that the trial court must review the

consents and consider any and all arguments raised by the parties challenging their conformity with the Adoption Act. For instance, Section 2711(c) includes timing requirements (no consent is valid if executed within seventy-two hours after the birth of the child, although a putative father may consent at any time after receiving notice of the expected or actual birth), and Section 2711(d) includes an exhaustive list of the information that must be included in the consent document. In this regard, if Father's hypothetical text message: "I'm tired of the little monsters, you can have them" was advanced in a petition to confirm consent, it could be challenged at the Section 2504(a) hearing for lack of conformity to the statute's requirements. Such a challenge goes to compliance with the statutory mandates for a valid consent, which are designed to assure the relinquishing parent's understanding of the nature of the proceedings and the consequences. The specific provisions of Section 2711, including in particular the time limitations for revocation or a validity challenge based upon fraud or duress, are premised on the execution of a consent that complies with the legislature's statutory requirements. Otherwise, there is nothing to invalidate.[6]

While the Superior Court should not have disregarded Father's challenge to the validity of his consent on timeliness grounds, we take no issue with that court's determination that Father has not presented any grounds for relief in this appeal. Father focuses on the language of Section 2711(c) which provides that "[a]ny consent given outside this Commonwealth shall be valid for purposes of this section if it was given in

---

[6] We view this case as an anomaly. While the timing of this hearing appears to prolong the adoption time frame, in the vast majority of cases, a consent document that does not comply with the statutory requirements will be readily apparent upon receipt by the party or parent procuring the consent. It can be corrected and, if not, there is no consent and termination of parental rights can proceed by way of involuntary termination procedures.

accordance with the laws of the jurisdiction where it was executed." 23 Pa.C.S. § 2711(c). As a resident of the state of Colorado at the time he executed his consent, Father takes the position that Colorado law governs with respect to the issue of the validity of that consent. Father argues that his consent was not valid under Colorado law because the law of that state requires that certain actions, including, e.g., attending pre-relinquishment counseling and providing certification of the same, must be undertaken before a consent may be executed. According to Father, his purported consent to the adoption of the Children was void ab initio under Colorado law and the Superior Court erred as a matter of law in not concluding.

In essence, it is Father's position that the sentence he references in Section 2711(c) must be interpreted to mean that consents given outside of Pennsylvania will be deemed to be valid **only** if they are given in conformance with the laws of the jurisdiction in which they were executed. Father does not, however, contest that the Superior Court's conclusion that Pennsylvania, as the Children's home state and the location where the adoption will occur, "has an overriding and continuing interest in establishing Children's status sand relationships." *In re J.W.B.*, 215 A.3d at 605 (citing *In re Adoption of D.*, 769 A.2d at 510). Moreover, the statutory language on which Father relies does not indicate, or even suggest, that the law of the state in which the consenting parent resides shall **exclusively** govern in Pennsylvania adoption proceedings or that Pennsylvania's validity requirements, as set forth in Sections 2711(c) and (d), have no application if the consenting parent resides in another state. As such, we cannot agree with Father's

contention that the law of Colorado should exclusively govern the validity of his consent to the Children's adoption in this Commonwealth.[7]

Contrary to Father's assertions, we view the pertinent language in Section 2711(c) as merely an accommodation for the validity procedures for consents to adopt of our sister states, extending full faith and credit to their legislative acts and accepting as valid what they have deemed to be sufficient for a valid consent to adopt. A consenting parent residing in another state who is asked to consent to the adoption of a child in this Commonwealth may be unfamiliar with the requirements for consent set forth in our Adoption Act or may otherwise be unaware that the law of his home state does not apply. Accordingly, a consent executed outside of Pennsylvania will be deemed to be valid in a Pennsylvania adoption proceeding if it complies with the consent requirements set forth in **either** Sections 2711(c) and (d) of the Adoption Act **or** the laws of the state in which the consenting parent resides at the time of the execution of the consent. Pennsylvania's validity requirements do not yield to those of the state in which the consenting parent resides; instead the laws of both states provide alternative means to effectuate a valid

---

[7] If Colorado law exclusively governed in the present adoption proceedings, it would not be possible to confirm the validity of Father's consent. Under the factual predicate presented in this case, Colorado law has no applicability, as it expressly provides that it does not apply unless the adoptee-child is in Colorado when the consent is executed or is a resident of that state. *See* C.R.S.A. § 19-5-103(12) ("The provisions of this section, including but not limited to relinquishment counseling, notification, and the relinquishment hearing, shall apply in any case involving a child in Colorado or for whom Colorado is the home state … including any case in which it is proposed that the child to be relinquished will be relinquished or adopted outside the state of Colorado."). Father has presented no evidence that the Children have ever been in Colorado or that Colorado is their home state. Pursuant to the certified record on appeal, the Children have at all relevant times resided in Pennsylvania.

consent to terminate parental rights and permit an adoption in accordance with Pennsylvania's Adoption Act.

For these reasons, we must reject Father's argument that the Superior Court was required to consider whether his consent was valid pursuant to Colorado law. Father does not contest that the consent that he executed complied in all respects with Pennsylvania's validity requirements, including the inclusion of the necessary understandings and acknowledgements set forth in Section 2711(d) of the Adoption Act. Because the consent that Father executed is valid under Pennsylvania law, it is immaterial whether it is also valid under Colorado law.

Decree affirmed.

Justices Baer, Dougherty and Mundy join the opinion.

Justice Todd files a concurring opinion.

Chief Justice Saylor and Justice Wecht file concurring and dissenting opinions.